UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DEMARCUS BROWN,<br>**Plaintiff,**<br><br>**V.**<br><br>SILVER DOLLAR DELI LLC.<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEMARCUS BROWN, by and through the undersigned counsel, sues Defendant, SILVER DOLLAR DELI LLC, for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff brings this action to recover unpaid overtime wages. In support of this Complaint, Plaintiff alleges as follows:

### Parties

1. Plaintiff is a resident of Hillsborough County.

2. Defendant is a Florida limited liability company engaged in the food service industry and conducting business in Hillsborough County, Florida.

### Jurisdiction and Venue

3. Plaintiff resides in Hillsborough County, Florida.

4. Defendant conducts business in Hillsborough County, Florida.

5. Defendant employed Plaintiff in Hillsborough County, Florida.

6. All events giving rise to this action occurred in Hillsborough County, Florida.

7. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendant conducts business in this District and the events giving rise to Plaintiff's claims occurred in this District.

## Facts

9. Plaintiff was employed by Defendant as a Cook/Server from March 9, 2026 until May 11, 2026.

10. Plaintiff worked for Defendant at more than one location, specifically in the deli sections of Silver Dollar Food and 2K Express.

11. Defendant employed Plaintiff as an hourly employee at a pay rate of $16 per hour.

12. Plaintiff's primary duties consisted of working as a line cook and server in a fast-paced restaurant environment, including preparing, cooking, and plating food, serving customers and maintaining kitchen cleanliness.

13. Throughout Plaintiff's employment, Plaintiff regularly worked more than 40 hours per workweek, but was not paid overtime wages for those hours over 40.

14. Defendant did not pay Plaintiff overtime wages for *all* hours worked beyond 40 in a single workweek during his employment with Defendant.

15. Plaintiff is entitled to overtime pay under the FLSA for hours worked over 40 per week.

16. At all times relevant to this action, Plaintiff worked for Defendant and performed services for Defendant in Hillsborough County, Florida.

17. During his employment, Plaintiff worked more than 50 hours per week on a regular basis.

18. Plaintiff was paid in cash by Defendant throughout his employment, and Defendant did not provide Plaintiff with pay stubs or maintain records reflecting the wages paid to Plaintiff.

19. However, Plaintiff was not paid at least one-and-one-half times his regular rate for all overtime hours he worked.

20. By Plaintiff's calculation, he has not been paid for approximately 188 overtime hours during his employment with Defendant.

21. Plaintiff desired to be paid overtime wages for all hours worked

beyond 40 in a single workweek, as required by the FLSA.

22. Defendant engaged in an illegal policy of suffering and permitting Plaintiff to work more than 40 hours in a single workweek and did not pay Plaintiff overtime wages for all hours worked by Plaintiff.

23. Defendant engaged in an illegal scheme of failing, refusing, or neglecting to pay Plaintiff premium wages for all overtime hours worked while employed by Defendant in an effort to extract work from Plaintiff without compensating Plaintiff for the work provided. Essentially, Defendant engaged in involuntary servitude.

24. As of this filing, Plaintiff still has not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

25. Plaintiff seeks full compensation, including unpaid overtime wages, back pay, liquidated damages, attorney's fees, and costs because Defendant's conduct in refusing to pay Plaintiff overtime wages was a calculated attempt to extract additional work out of Plaintiff for the benefit of Defendant.

26. Defendant is a for-profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

27. Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d). This action is brought under the FLSA to recover from Defendant unpaid wages in the form of unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

28. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

29. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant is a multi-million-dollar operation that has considerable expertise in the food service industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including goods, materials and supplies, who also use telephones, fax machines and other instrumentalities of commerce. Specifically, Defendant regularly engaged in the purchase and use of food, beverages, and supplies that were moved in interstate commerce, including items sourced from outside the State of Florida, in the normal course of its business.

30. Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise number of hours worked by Plaintiff during each week of his employment.

31. Plaintiff has been financially damaged by Defendant's failure to properly compensate Plaintiff for all hours worked.

**COUNT I**
**UNPAID OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA)**

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-31, above.

33. Plaintiff was employed by Defendant and was, at all times, protected by the FLSA.

34. Defendant violated the FLSA by failing to compensate Plaintiff for all overtime hours worked per week.

35. Plaintiff regularly worked over 50 hours per week, but was not compensated at one-and-a-half times his regular rate of pay for hours worked beyond 40 per week.

36. Plaintiff was entitled to receive one-and-one-half times his regular wage for all hours worked beyond 40 in a single workweek.

37. Plaintiff was damaged as a result of Defendant's failure to pay Plaintiff overtime wages for all hours worked beyond 40 in a single workweek.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid overtime wages, liquidated damages, attorney's fees, and costs.

39. Plaintiff demands jury trial.

**WHEREFORE,** Plaintiff demands judgment against Defendant for an amount equal to his unpaid overtime wages, liquidated damages, costs, and reasonable attorney's fees pursuant to the FLSA, together with such other and further relief as this Court deems just and proper.

RESPECTFULLY submitted this September 8, 2026.

***/S/ Kyle J. Lee***
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com